# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | |
|---|---|
| Peter Harris and Loni Harris | |
| *Plaintiffs*, | Case No. 1:24-cv-00313-MJT |
| v. | |
| Upwintrade.com, *et al.*, | **Plaintiffs' Emergency Motion for Extension of Temporary Restraining Order** |
| *Defendants.* | |

Plaintiffs Peter and Loni Harris hereby move to extend the extant Temporary Restraining Order under Federal Rule of Civil Procedure 65(b)(2).

## I.      Background

At Plaintiffs' request, the Court issued a Temporary Restraining Order on August 8, 2024 (the "TRO").[1] The TRO required four cryptocurrency exchanges to freeze the customer accounts associated with deposit addresses to which Plaintiffs have traced their assets. If not extended, the TRO will expire on August 22, 2024.

Plaintiffs' counsel promptly served the TRO on all four exchanges by email, as authorized in the TRO. The exchanges' responses have been mixed.

---

[1] ECF 7.

Two of the exchanges, Binance and Revolut, appear to have frozen accounts in compliance with the TRO. The scope of the freezes implemented, however, remains unclear. This is the subject of ongoing discussion between counsel and the exchanges' representatives.

The other two exchanges, Remitano and Bybit, have been less cooperative. Remitano has not responded to counsel's repeated attempts to communicate. And Bybit has insisted that it must be served personally in the Seychelles, where it is based. Counsel continues to reach out to each of these exchanges, including by alternative means such as the customer-service chat portal on the exchanges' websites, in attempts to secure compliance with the TRO without the need for motion practice.

In addition to implementing the account freezes ordered by the TRO, counsel is working to secure information about the Defendants responsive to the expedited discovery authorized by the Court. Counsel served subpoenas on each of the four exchanges along with the TRO. Binance has indicated that it will produce the requested materials, but the timeline is the subject of ongoing discussion. Counsel's subpoena-related discussions with Revolut remain unresolved. As noted above, Remitano has not responded. And Bybit continues to insist on personal service abroad.

## II.    Legal Standard

Under FRCP 65(b)(2), a TRO may be extended by up to 14 days "for good cause." In crypto-fraud cases like this one, Courts have granted extensions of asset-freezing TROs to allow plaintiffs to continue working with

exchanges on implementation and information gathering in preparation for a motion for preliminary injunction.[2]

### III. Request for Extension

Plaintiffs request that the Court extend the TRO for 14 days to September 5, 2024. This extension would allow counsel to continue working with the exchanges to resolve service issues and possibly secure compliance from Remitano and Bybit without the need for motion practice. With Remitano in particular, counsel is hopeful that alternate communication methods may prove fruitful in initiating discussions. And as to Binance and Revolut—*i.e.*, the exchanges that have apparently frozen certain accounts in compliance with the TRO—additional time will allow counsel to ascertain the scope of the freezes implemented and seek additional information about the relevant accounts' asset levels and status. The requested extension will also give Plaintiffs time to seek relief from the Court if necessary.

Extension of the TRO will also enable counsel to obtain discovery regarding the relevant accounts and accountholders. This information will be crucial to the next phase in this litigation, in which Plaintiffs will seek

---

[2] *See, e.g., Licht v. Ling*, No. 23-cv-01018, *Order Granting 14-Day Extension of Temporary Restraining Order*, pp. 1 – 2 (N.D. Tex. May 24, 2023) (granting extension of asset-freeze TRO in crypto-fraud case where the alleged victim was "work[ing] diligently with the exchanges to (1) resolve issues related to service and (2) obtain discovery regarding the defendants so they can be given notice of the suit and the TRO"); *Astrove v. Doe*, Case No. 22-cv-80614, *Order Modifying & Extending Temporary Restraining Order*, *passim* (S.D. Fla. May 3, 2022) (same).

authorization to serve the Defendants by alternate means and a preliminary injunction extending the account freezes.

Plaintiffs respectfully submit that the considerations outlined above show good cause for extension of the TRO under FRCP 65. They request that the Court enter an extension in substantially the form of the Proposed Order submitted along with this Motion.

Dated: August 21, 2024                                    Respectfully submitted,

THE HODA LAW FIRM, PLLC

Marshal J. Hoda, Esq.
Texas Bar No. 24110009
3120 Southwest Fwy
Ste 101, PMB 51811
Houston TX 77098
marshal@thehodalawfirm.com
o. (832) 848-0036

*Attorney for Plaintiffs*