IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| PETER HARRIS and LONI HARRIS, § <br> § <br> *Plaintiffs*, § <br> § <br> VS. § <br> § <br> UPWINTRADE.COM, *et al.*, § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 1:24-CV-00313 <br> JUDGE MICHAEL J. TRUNCALE |

### ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATE SERVICE

Before the Court is Plaintiffs' Motion for Alternate Service. [Dkt. 17]. The Court has reviewed Plaintiffs' motion and for the reasons that follow finds that it should be **GRANTED**.

**I.   Background**

Plaintiffs allege that the Defendants victimized them in what is known as a "pig butchering scam." This is a kind of scam in which the alleged perpetrators convince their victims to "invest in" or "trade" cryptocurrencies using a fraudulent online platform and ultimately abscond with the victims' assets. In this case, the Court previously authorized Plaintiffs to issue expedited discovery, including by issuing subpoenas to various third-party internet service providers. Plaintiffs alleged that these third parties had done business with the Defendants and, therefore, were likely to have information about their real identities and locations.

Plaintiffs have now received a document production from the web-hosting provider for the personal website of David Shamlian, the supposed cryptocurrency-trading "guru" who is alleged to have been the ringleader of

the scam. They have provided a sworn statement from their investigator explaining that this document production shows that the same Internet Protocol address that created the Shamlian website is associated with the accounts of two individuals who had created a series of other websites—some of them cryptocurrency-related—which had been shut down after reports of fraud. Ex. 1, Cole Declaration, ¶¶ 4 – 5. Plaintiffs' sworn statement further indicates that these two individuals revealed to the web-hosting provider that they lived in Nigeria, and each provided a Google email address. *Id*.

Plaintiffs have now filed an Amended Complaint in which they have sued these two individuals, Onwunali Chukwuemeka and Kelvin Dubem. Plaintiffs allege that Chukwuemeka and Dubem are two of the real people behind the alleged scam at issue in this case. Plaintiffs now seek to serve these two persons through the email addresses they provided to the web-hosting provider for the Shamlian website.

## II.    Legal Standard

Federal Rule of Civil Procedure 4(f) authorizes service of an individual in a foreign country via three methods. First, an individual may be served at a place not within any judicial district of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." FED. R. CIV. P. 4(f)(1). Absent any international agreement, the individual may also be served "by a method that is reasonably calculated to give notice," including "as prescribed by the foreign country's law for service in that country," "as the foreign authority directs in response

to a letter rogatory or letter of request," or through personal delivery or mail sent by the Clerk. FED. R. CIV. P. 4(f)(2). Finally, service may be effectuated "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3). "[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief. It is merely one means among several which enables service of process on an international defendant." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (internal quotation and citation omitted).

To effectuate service under Rule 4(f)(3), "trial courts have authorized a wide variety of alternative methods of service including . . . email," and the Court has "discretion . . . to balance the limitations of email service against its benefits in any particular case." *Rio Props.*, 284 F.3d at 1016-18. Email service must "comport with constitutional notions of due process"—that is, "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (concluding "not only that service of process by email was proper—that is, reasonably calculated to apprise [the defendant] of the pendency of the action and afford it an opportunity to respond—but in this case, it was the method of service most likely to reach [the defendant]."). Courts have found that email service to defendants located abroad is proper under Rule 4(f)(3) where it is not prohibited by an international agreement and conforms with due process, particularly in cases involving "international e-business

scofflaw[s], playing hide-and-seek with the federal court[s]," whose activities were "conducted entirely through electronic communications." *Chanel, Inc. v. Zhixian*, No. 10-CV-60585, 2010 WL 1740695, at *3 (S.D. Fla. Apr. 29, 2010) (collecting cases where courts authorized service of "international e-business scofflaw[s]" by email and approving same).

### III. Analysis

Plaintiffs move to serve the complaint and summons on defendants Onwunali Chukwuemeka and Kelvin Dubem by email to the email addresses that each of them provided to the web-hosting provider for the Shamlian website. Having reviewed Plaintiffs' papers, the Court finds that this alternate method of service is proper and reasonably calculated to provide notice to Chukwuemeka and Dubem, thereby satisfying the requirements of Rule 4(f)(3).

First, no international agreement governs service in Nigeria or prohibits service by email in that country. Nigeria is not a party to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents or any other treaty on service of process to which the United States is party. *Meta Platforms, Inc. v. Arowokoko*, No. 22-CV-00803-DMR, 2022 WL 4099215, at *2 (N.D. Cal. Sept. 7, 2022) (authorizing service of Nigerian individuals by email and collecting cases in accord). Therefore, Rule 4(f)(1) does not apply. Because no international agreement governs, service may be accomplished by any means that comports with due process. FED. R. CIV. P. 4(f)(3); *Rio Props.*, 284 F.3d at 1014.

Email service comports with due process here. Plaintiffs seek to serve Chukwuemeka and Dubem on the same email addresses they used to login to their accounts with the web-hosting provider for the Shamlian website and other sites they operated. Plaintiffs have provided a sworn statement from their investigator explaining that, because a web-hosting service provides vital infrastructure necessary for a website to work and reach its intended audience, the Defendants would have been unlikely to provide a "throwaway" unmonitored email address to their web-hosting company. *See* Ex. 1, Cole Declaration, ¶¶ 4 – 5. Instead, they would provide an address that they actually use to do business. *Id*. And indeed, Plaintiffs have directed test messages to each of the email addresses through which they seek to serve the defendants, and neither of those messages "bounced back"—meaning that these addresses are active and can indeed receive incoming messages. *Id*. For all these reasons, serving Chukwuemeka and Dubem by message to these email addresses is reasonably calculated to give them actual notice of this suit and opportunity to appear and be heard. *See Chanel, Inc.*, 2010 WL 1740695, at *3 (collecting cases).

### IV.    Conclusion

For the foregoing reasons, Plaintiffs' motion for leave to serve the complaint and summons by email is **GRANTED**. Plaintiff shall immediately serve a copy of the complaint, summons, and this order on Defendant Chukwuemeka at onwunaliemeka@gmail.com and Defendant Dubem at anyamaobikelvin2022@gmail.com with "read receipt requested," and file a proof of service.

**SIGNED this 14th day of January, 2025.**

_____
Michael J. Truncale
United States District Judge