UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| Peter Harris and Loni Harris<br><br>*Plaintiffs,*<br><br>v.<br><br>Upwintrade.com, *et al.*,<br><br>*Defendants.* | Case No. 1:24-cv-00313-MJT<br><br>**Plaintiffs' Motion for Issuance of Letters of Request** |

Plaintiffs Peter and Loni Harris hereby move for the issuance of letters of request directed to the judicial authorities of England, the Cayman Islands, and the Seychelles. In support, they respectfully show the Court as follows.

**I.   Background**

This case arises from what is known as a "pig-butchering scam." The Defendants are a syndicate of cybercriminals who stole more than $650,000.00 from the Harrises by convincing them to 'trade' cryptocurrencies using a fake online platform.[1] Using blockchain-tracing techniques, the Harrises' investigator was able to follow the stolen assets to "off ramp"

---

[1] First Amended Complaint, ¶¶ 19 – 25.

accounts at four international cryptocurrency exchanges: (i) Revolut, (ii) Remitano, (iii) Bybit, and (iv) Binance.[2]

This Court previously granted the Harrises' Motion for Temporary Restraining Order and Expedited Discovery, which (i) ordered that the assets in these off-ramp accounts be frozen and (ii) authorized the issuance of subpoenas directed to each of these exchanges seeking information about the persons who created these off-ramp accounts.[3] The Court subsequently issued a Preliminary Injunction extending the asset freezes through trial.[4]

Through counsel, the Harrises served the subpoenas authorized in the Court's prior order on each of the Exchanges. Three of the four Exchanges have not, however, agreed to produce the requested evidence. One of the exchanges—Remitano—simply did not respond to Plaintiff's counsel. Two of the others—Bybit and Revolut—refused to comply. The fourth exchange, Binance, has repeatedly indicated that it would produce responsive information but has not yet done so. These refusals and delays precipitated the instant Motion, in which the Harrises seek the issuance of letters of request pursuant to the Hague Evidence Convention.

---

[2] *See* Plaintiffs' Motion for Preliminary Injunction (Dkt. 10), Ex. 4, Declaration of Evan Cole (setting out blockchain tracing evidence).

[3] Dkt. 7.

[4] Dkt. 14.

## II.    Applicable Law

Federal courts have inherent authority to issue letters rogatory to foreign tribunals, agencies, or officers to seek "assistance in the production of evidence located in the foreign country."[5] Letters rogatory are sometimes also referred to as "letters of request."[6] There is no substantive difference between these designations.[7]

Letters rogatory may also be transmitted to foreign governments pursuant to the processes established by mutually agreed international treaties, such as the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters—more commonly referred to as the "Hague Evidence Convention."[8] The Convention provides for transmission of "letters of request" from one signatory state (where the evidence is sought) to another signatory state (where the evidence is located) without recourse to consular and

---

[5] *Blitzsafe Texas, LLC v. Jaguar Land Rover Ltd.*, No. 2:17-CV-00424-JRG, 2019 WL 13077697, at *1 (E.D. Tex. Apr. 1, 2019) (quoting *United States v. El-Mezain*, 664 F.3d 467, 516–17 (5th Cir. 2011), *as revised* (Dec. 27, 2011)); *see also* 28 U.S.C. § 1781(b)(2) (discussing authority to issue letters rogatory); *United States v. Tuma*, 738 F.3d 681, 688 n.5 (5th Cir. 2013) ("28 U.S.C. § 1781(b)(2) allows courts to issue letters rogatory directly to a foreign tribunal or agency."); *accord* 8 Charles Alan Wright et al., Federal Practice and Procedure § 2005.1 (3d ed. 2010) ("A federal district court, for example, can issue a letter rogatory directly to a foreign tribunal."); *Triumph Aerostructures, LLC v. Comau, Inc.*, No. 3:14-CV-2329-L, 2015 WL 5502625, at *2 (N.D. Tex. Sept. 18, 2015) (citing *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1408 (5th Cir. 1993)) (holding that courts have inherent power under Article III to issue letters rogatory).

[6] *Id.*

[7] *Id.*

[8] *Id.*

diplomatic channels.[9] A valid letter of request sent pursuant to the Hague Convention may seek information both from foreign entities that are party to the litigation and from foreign entities that are nonparties.[10]

The Hague Convention provides that each signatory state shall "designate a Central Authority ... to receive Letters of Request coming from a judicial authority of another Contracting State...."[11] That Central Authority shall transmit the letters of request "to the authority competent to execute them."[12] A valid letter of request must include the following information:

- (a) the authority requesting its execution and the authority requested to execute it, if known to the requesting authority;
- (b) the names and addresses of the parties to the proceedings and their representatives, if any;
- (c) the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto;
- (d) the evidence to be obtained or other judicial act to be performed.[13]

Further, "[w]here appropriate," a letter of request must specify:

- (e) the names and addresses of the persons to be examined;
- (f) the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined;
- (g) the documents or other property, real or personal, to be inspected;

---

[9] *Id.*

[10] *Id.*

[11] Hague Convention, art. 2.

[12] *Id.*

[13] *Id.*, art. 3.

- (h) any requirement that the evidence is to be given on oath or affirmation, and any special form to be used.

In the federal courts, parties seeking the issuance of letters of request typically submit proposed letters to the presiding judge. If the Court determines that the proposed letters meet the Hague Convention requirements set out above, the Clerk is ordered to authenticate the letters, affix the Court's seal, and send the letters to the appropriate international authorities using addresses and postage provided by the party requesting the letters' issuance.[14]

### III. Argument

As set out in the Harrises' briefing in support of their Motion for Preliminary Injunction, to which they respectfully direct the Court, the assets stolen from them by the Upwintrade scammers were ultimately transferred to accounts at the cryptocurrency exchanges Binance, Bybit, Revolut, and Remitano.[15] These exchanges are organized or headquartered in Singapore (Bybit), the United Kingdom (Revolut), the Cayman Islands (Binance), and Lithuania (Remitano). To effectively proceed with their case against the Defendants, the Harrises must have access to evidence about the person or persons who created the accounts at these exchanges.

---

[14] *Blitzsafe Texas*, 2019 WL 13077697, at *2 (W.D. Tex. 2019) (granting request for issuance of letters of request and detailing this procedure).

[15] *See* Motion for Preliminary Injunction, Dkt. 10 (Sep. 3, 2024) (detailing blockchain tracing in this case).

Accordingly, along with this Motion, the Harrises have submitted a proposed order granting their request for issuance of letters of request and four proposed to the judicial authorities of each of the aforementioned nations.[16] In addition, in recognition of the sensitivity of the information they seek, the Harrises have submitted a proposed protective order in the form of this District's model order for the Court's signature.[17] The Harrises request that the Court enter the proposed order granting their Motion for Letters of Request, enter the proposed Protective Order, and direct the clerk to transmit the letters of request.

//

---

[16] *See* Ex. 1 (proposed order), Exs. 2-5 (proposed letters of request).

[17] *See* Ex. 6 (proposed protective order).

Dated:  February 4, 2025             Respectfully submitted,

THE HODA LAW FIRM, PLLC

*[signature: M Hoda]*

Marshal J. Hoda, Esq.
Texas Bar No. 24110009
3120 Southwest Fwy
Ste 101, PMB 51811
Houston TX 77098
marshal@thehodalawfirm.com
o. (832) 848-0036

*Attorney for Plaintiffs*