IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| PETER HARRIS and LONI HARRIS, § § *Plaintiffs*, § § § CIVIL ACTION NO. 1:24-CV-00313 VS. § JUDGE MICHAEL J. TRUNCALE § UPWINTRADE.COM, *et al.*, § § § *Defendants*. § | |

### ORDER GRANTING PLAINTIFFS' MOTION FOR LETTERS OF REQUEST

Before the Court is Plaintiffs' Motion for Issuance of Letters of Request. [Dkt. 24]. The Court has reviewed Plaintiffs' Motion and for the reasons that follow finds that it should be **GRANTED**.

### I.  BACKGROUND

Plaintiffs allege that the Defendants victimized them in what is known as a "pig butchering scam." [Dkt. 16]. This is a kind of scam in which the alleged perpetrators convince their victims to "invest in" or "trade" cryptocurrencies using a fraudulent online platform and ultimately abscond with the victims' assets. In this case, the Court previously authorized Plaintiffs to issue expedited discovery, including by issuing subpoenas to four third-party cryptocurrency exchanges to which Plaintiffs allege their assets were ultimately transferred by the Defendants. [Dkts. 7, 20].

In the instant Motion, Plaintiffs state that despite serving subpoenas on each of the four targeted cryptocurrency exchanges, they have not received document productions from any of them. [Dkt. 24 at 2]. One of the exchanges has not responded to Plaintiffs' counsel and the other three have either refused to comply or not yet produced responsive information despite previous representations that it would comply. *Id.* Plaintiffs now request that the Court issue four letters of request for judicial assistance, also known as letters rogatory, addressed to the appropriate

authorities of Singapore, Lithuania, and the United Kingdom. *Id.* at 5. These letters seek discovery of "documents and things for inspection and copying" from four cryptocurrency exchanges located in these countries pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (hereinafter, "Hague Convention"), to which each of Singapore, Lithuania, and the United Kingdom is a party.

## II. LEGAL STANDARD

Federal courts may issue letters rogatory to foreign tribunals, agencies, or officers to seek "assistance in the production of evidence located in the foreign country." *Blitzsafe Texas, LLC v. Jaguar Land Rover Ltd.*, No. 2:17-CV-00424-JRG, 2019 WL 13077697, at *1 (E.D. Tex. Apr. 1, 2019) (collecting authorities). Letters rogatory are sometimes also referred to as "letters of request." *Id*. Their designations are used interchangeably both by the federal courts and in this Order. *Id.*

Letters rogatory may also be transmitted to foreign governments pursuant to the processes established by international treaties, such as the Hague Convention. *See* CONVENTION ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS, Mar. 18, 1970, 23 U.S.T 1555, T.I.A.S. No. 7444, 1972 WL 122493; *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 539 (1987). The United States is a party to the Hague Convention, and so are Singapore, Lithuania, and the United Kingdom. A valid letter of request sent pursuant to the Hague Convention may seek information both from foreign entities that are party to the litigation and from foreign entities that are nonparties. *Blitzsafe*, 2019 WL 13077697, at *1.

The Hague Convention provides that each signatory state shall "designate a Central Authority . . . to receive Letters of Request coming from a judicial authority of another Contracting State . . . ." Hague Convention, art. 2. That Central Authority shall transmit the letters of request

"to the authority competent to execute them." *Id*. However, to be valid, a letter of request must include the following information:

> (a) the authority requesting its execution and the authority requested to execute it, if known to the requesting authority;
> (b) the names and addresses of the parties to the proceedings and their representatives, if any;
> (c) the nature of the proceedings for which the evidence is required, giving all necessary information in regard thereto;
> (d) the evidence to be obtained or other judicial act to be performed.

*Id*. art. 3. Further, "[w]here appropriate," a letter of request must specify:

> (e) the names and addresses of the persons to be examined;
> (f) the questions to be put to the persons to be examined or a statement of the subject-matter about which they are to be examined;
> (g) the documents or other property, real or personal, to be inspected;
> (h) any requirement that the evidence is to be given on oath or affirmation, and any special form to be used;
> (i) any special method or procedure to be followed under Article 9.

*Id.*

### III. DISCUSSION

Plaintiffs' proposed letters rogatory meet all the requirements set out in Article 3 of the Hague Convention. Each letter addresses the nine requirements of Article 3 individually and sets forth the appropriate information at length. For example, the letters describe this Court's jurisdiction, summarize the nature and relevant procedural history of the action, and provide the contact information of counsel for the litigants.

### IV. CONCLUSION

Accordingly, the Court **APPROVES** the proposed letters rogatory.

The Clerk is **ORDERED** to authenticate the Court's signature by affixing the seal of this Court upon each letter rogatory.

Plaintiffs are **ORDERED** to furnish an envelope with the appropriate address and postage to the Clerk for mailing each letter rogatory. Plaintiffs are further **ORDERED** to attach the First Amended Complaint and the Protective Order to each letter rogatory.

The Clerk shall thereafter directly transmit each letter to the appropriate Central Authority of the United Kingdom pursuant to Articles 2 and 3 of the Hague Convention.

**SIGNED this 5th day of February, 2025.**

_____
Michael J. Truncale
United States District Judge