

**SUPREME COURT OF SINGAPORE**
**LEGAL REGISTRY**

Our Ref: TEA 2/2025/NL

07 April 2025

*1:24cv313*

Michael J. Truncale
United States District Judge
United States District Court,
Eastern District of Texas at Beaumont
300 Willow St, Ste 104,
Beaumont,
TX 77701, USA.

## REQUEST, PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS, FOR INTERNATIONAL JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE FROM BYBIT FINTECH LIMITED

We refer to the Letter of Request ("**Letter of Request**") dated 6 February 2025 from the United States District Court for the Eastern District of Texas ("**Foreign Court**") which was forwarded to the Attorney-General's Chambers ("**AGC**") pursuant to Order 55, Rule 3(b) of the Rules of Court 2021 ("**ROC**").

2.   In the Letter of Request, the Foreign Court has requested that the *"judicial authority of Singapore compel appropriate control persons"* associated with an entity named *"Bybit Fintech Limited"* to produce documents in connection with an ongoing matter in Case No. 1:24-cv-00313-MJT (the "**Proceedings**"). The request was made pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "**Hague Convention**").

3.   The brief facts of the Proceedings are as follows:

   (a)   **Plaintiffs**: Peter Harris and Loni Harris.

   (b)   **Defendants**: Upwintrade.com; David Shamlian; Onwunali Chukwuemeka; Kelvin Dubem; Larry Gaggaz; John Does 1 – 20.

   (c)   **Nature of action**: The Plaintiffs allege that they were defrauded by the Defendants through a sophisticated scam. The Defendants posed as an old friend of one of the Plaintiffs and gained the Plaintiffs' trust. The Defendants then induced the Plaintiffs to invest large sums of money in a *"realistic-looking online cryptocurrency trading platform"*. By the time the Plaintiffs realised that this was a scam, they had already sent more than US$650,000 to the Defendants.

   (d)   **Evidence required**: Production of 3 categories of documents as described at [6(b)] below.

(e) **Purpose of evidence sought:** To further establish the identities of the Defendants and their co-conspirators and ascertain the present locations of the assets allegedly stolen from them.

4. The AGC is unable to accede to the Foreign Court's request.

5. **First**, AGC is not able to identify the entity "*Bybit Fintech Limited*", which is referred to on page 1 of the Letter of Request as the entity from which document production is sought. A search on the Accounting and Corporate Regulatory Authority BizFile portal indicates that there is no corporate entity by the name "*Bybit Fintech Limited*" registered in Singapore (see <u>Annex 1</u>). A keyword search on "*Bybit*" also does not yield any relevant result (see <u>Annex 2</u>). The Letter of Request should ideally include the entity's Unique Entity Number as different entities may have the same or similar names.

6. **Second**, there is a significant discrepancy between the description of the request on the pages 1 and 2 of the Letter of Request:

(a) Page 1 of the Letter of Request states:

"Specifically, the Court requests that the judicial authority of Singapore compel appropriate control persons associated with the below-named entities to produce documents as further described herein.

**Bybit Fintech Limited**
40A Orchard Road, Macdonald House
Suite 03-01
Singapore, 238838"

[emphasis added]

(b) However, page 2 of the Letter of Request states:

"*II. EVIDENCE REQUESTS*

*Plaintiffs have requested that **Revolut** produce the following categories of documents.*

- *All "know your customer" records associated with the Deposit Addresses, including documents sufficient to show all account owners' identification documents, biographical information, or contact information.*

- *All transaction records associated with the Deposit Addresses, including documents sufficient to show all incoming and outgoing transactions associated with the Deposit Addresses and the account(s) to which the assets that passed through the Deposit Addresses were ultimately transferred.*

- *All "IP Logs" showing the locations and/or devices from which the account owners associated with the Deposit Addresses accessed their **Revolut account(s)**.*"

[emphasis added]

7.  Thus, it is unclear whether the request is being made in relation to "*Bybit Fintech Limited*" or "*Revolut*", or how the two entities relate to one another.

8.  **Third**, the Letter of Request does not comply with Article 23 of the Hague Convention. Under the said Article, Singapore declared that it "*will not execute Letters of Request … which requires a person … (b) to produce any documents other than* **particular documents specified** *in the Letter of Request as being documents appearing to the requested court to be, or to be likely to be,* **in his possession, custody or power** [emphasis added]."[1]

9.  The term "*particular documents*" has been interpreted to mean: (a) individual documents separately described (as opposed to a class of documents); and (b) actual documents which are shown by evidence to exist or have existed (as opposed to conjectural documents).[2] For example, a request for "*all the respondent's bank statements in 1984*" would be impermissible, but a request for the respondent's "*monthly bank statements for the year 1984 relating to his current account*" with a named bank would be permissible, provided that there was evidence showing that regular monthly statements had been sent to the respondent during the year and were likely to be still in his possession.[3]

10. In the present case, the Letter of Request does not comply with Article 23 of the Hague Convention because:

    (a)  The 3 categories of documents requested are impermissibly broad and are not requests for "*particular documents*".

    (b)  There is no evidence that the documents requested exist or have existed, or if they are conjectural documents which the Plaintiffs believe to exist.

    (c)  The Letter of Request does not provide any evidence that the requested documents are in the "*possession, custody or power*" of "*Bybit Finance Limited*".

11. Please be informed that AGC is unable to accede to the request. The Plaintiffs may consider instructing Singapore counsel to file the necessary application(s) under Order 55 Rule 2 of the ROC to obtain the information and/or documents sought. The Singapore counsel would be better placed to explain the relevance of the information and/or documents sought with reference to developments in the Proceedings.

12. If the Plaintiffs decide not to engage Singapore counsel to file the relevant application(s) and the Foreign Court wishes to supplement its Letter of Request with the necessary information, it should provide AGC with the following for the purposes of making the relevant court application in connection with the Letter of Request (pursuant to Article 26 of the Hague Convention):

---

[1] This declaration is codified in section 4(4) of the Evidence (Civil Proceedings in Other Jurisdictions) Act 1979.
[2] In *Re Asbestos Insurance Coverage Cases* [1985] 1 WLR 331 at 337-338, interpreting section 2(4)(b) of the Evidence (Procedure in Other Jurisdictions) Act 1975 (U.K.). This Act was passed to give effect to the United Kingdom's reservation in respect of Article 23 of the Hague Convention, which is materially similar to Singapore's declaration in respect of the same Article.
[3] *Re Asbestos Insurance Coverage Cases* [1985] 1 WLR 331 at 337–338.

(a) Upfront payment of S$3,320 (the "**Sum**"), being the estimated expenses and disbursements to be incurred. Payment of the Sum shall be in the form of a Cashier's Order to the "Attorney-General's Chambers" at 1 Upper Pickering Street, Singapore 058288. The correspondence enclosing the Cashier's Order should cite their reference number (*ie*, AG/CIV/DM/SUPC/2025/2).

(b) A written undertaking that the Foreign Court will pay any other fees and costs (in excess of the Sum) related to the execution of the Foreign Court's request, including the witness's costs of attendance in court (if any), a draft which is enclosed in <u>Annex 3</u>.

Yours faithfully,

KAREN TAN
ASSISTANT REGISTRAR
SUPREME COURT, SINGAPORE

Encl

Cc   The Honourable the Attorney General
     Attorney-General's Chambers
     1 Upper Pickering Street
     Singapore 058288
     (Ref: AG/CIV/DM/SUPC/2025/2)
     Grace Morgan (Deputy Senior State Counsel)

     Marshal J. Hoda, Esq.
     The Hoda Law Firm, PLLC
     3120 Southwest Fwy, Ste 101 PMB 51811
     Houston, TX 77098, United States.
     Email: marshal@thehodalawfirm.com

## **Annex 3 – Undertaking**

Ref: AG/CIV/DM/SUPC/2025/2

To: Attorney-General's Chambers, Singapore

### Undertaking

I/We, [name of entity/ name of individual(s)] ([entity number/identification number]) having my/our address at [address], hereby undertake and warrant to pay to the Attorney-General's Chambers, Singapore any fees, costs and expenses in excess of the sum of S$3,320 which relate to the execution of the request for international judicial assistance that was made by the United States District Court for the Eastern District of Texas (the "**Foreign Court**") for the proceedings between the plaintiffs, Peter Harris and Loni Harris, and the defendants, Upwintrade.com; David Shamlian; Onwunali Chukwuemeka; Kelvin Dubem; Larry Gaggaz; John Does 1 – 20, now pending before the Foreign Court.

_____

Name and Signature:


Designation: _____



# ON GOVERNMENT SERVICE

Michael J. Truncale
United States District Judge
United States District Court,
Eastern District of Texas at Beaumont
300 Willow St, Ste 104,
Beaumont,
TX 77701, USA.

SINGAPORE

RC  60685600  0  SG

CASE NO. 1:24-cv-00313-MJT

CLERK, U.S. DISTRICT COURT
RECEIVED
MAY - 8 2025
EASTERN DISTRICT OF TEXAS
BEAUMONT, TEXAS

TEA2/2025/NL