IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PETER HARRIS AND LONI HARRIS, | § § § | |
| *Plaintiffs*, | § § | |
| VS. | § § | CIVIL ACTION NO. 1:24-CV-00313 |
| UPWINTRADE.COM, *et al*, | § § § | JUDGE MICHAEL J. TRUNCALE |
| *Defendants*. | § § § | |

# ORDER GRANTING PLAINTIFFS' MOTION TO FILE DOCUMENTS UNDER SEAL

Before the Court is Plaintiffs Peter and Loni Harris's ("the Harrises") Motion to File Documents Under Seal. [Dkt. 36]. The Harrises seek to file their Second Amended Complaint [Dkt. 37] and their Motion for Alternate Service [Dkt. 38] under seal. For the following reasons, the Court **GRANTS** the motion and **ORDERS** the Harrises to file public redacted copies of their Second Amended Complaint and Motion for Alternate Service.

"Judicial records belong to the American people; they are public, not private, documents." *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021). "The presumption of openness is Law 101: 'The public's right of access to judicial records is a fundamental element of the rule of law.'" *Id.* (quoting *In re Leopold to Unseal Certain Elec. Surveillance Application & Orders*, 964 F.3d 1121, 1123 (D.C. Cir. 2020)). This is so because "protecting the public's right of access is 'important to maintaining the integrity and

legitimacy of an independent Judicial Branch.'" *Id.* (quoting *MetLife, Inc. v. Fin. Stability Oversight Council,* 865 F.3d 661, 663 (D.C. Cir. 2017)). The public's interest in transparent court proceedings "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019) (quotation and citation omitted). For these reasons, "courts should be ungenerous with their discretion to seal judicial records." *Le*, 990 F.3d at 418 (footnote and citations omitted); see also *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022) ("[W]e heavily disfavor sealing information placed in the judicial record.").

District courts should maintain a "working presumption that judicial records should not be sealed." *Le*, 990 F.3d at 419 (citing *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019)). The Fifth Circuit has directed district courts to apply different legal standards when parties disclose documents and records during discovery versus when filing them as part of the judicial record. *Id.* at 419–21; *June Med.*, 22 F.4th at 521. On the one hand, courts may require only "good cause" when issuing protective orders that seal documents produced in discovery. *Le*, 990 F.3d at 419 (citations omitted). On the other hand, once a document is filed on the public record, thereby becoming part of the judicial record, a stricter

balancing test applies. *Id.* (citations omitted). In particular, "[t]he secrecy of judicial records, including stipulated secrecy, must be justified and weighed against the presumption of openness that can be rebutted only by compelling countervailing interests favoring nondisclosure." *Id.* at 421. This stringent standard requires courts to undertake a case-by-case, document-by-document, line-by-line balancing of these interests. *Id.* at 419 (citations omitted). "That a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record.*" *June Med.*, 22 F.4th at 521 (citing *Le*, 990 F.3d at 420). Therefore, the justification that a record must be sealed because it falls within the parameters of a protective order is invalid. *Id.*

Without a doubt, certain information in judicial records should be sealed and remain out of the public's knowledge, such as sensitive information that could endanger lives, threaten national security, reveal trade secrets, or uncover the identities of confidential informants. *Le*, 990 F.3d at 417, 419. Information or documents that are already publicly available, however, "*already* belong to the people, and a judge cannot seal public documents merely because a party seeks to add them to the judicial record." *June Med.*, 22 F.4th at 520 (emphasis in original).

Here, the Harrises seek to file their Second Amended Complaint [Dkt. 37] and their Motion for Alternate Service [Dkt. 38] under seal because both documents contain "sensitive financial data in the form of accountholder

- 3 -

names and blockchain addresses" provided by a third party under a Protective Order. [Dkt. 32 at 1]. Ultimately, the Harrises seek to protect the parties' legitimate privacy interests, as Defendants are alleged scammers and have yet to make an appearance in this case. *Id*. at 2.

In reviewing the contents of the Second Amended Complaint and the Motion for Alternate Service, the Court finds that the protection of sensitive financial information justifies sealing the documents and **GRANTS** the Motion to Seal [Dkt. 36]. However, in the interest of the public's access to judicial records, the Court **ORDERS** the Harrises to file public redacted versions of the Second Amended Complaint [Dkt. 37] and Motion for Alternate Service [Dkt. 38] within **seven (7) days** of receipt of this Order.

The Clerk is **INSTRUCTED** to accept the Second Amended Complaint [Dkt. 37] and Plaintiffs' Motion for Alternate Service [Dkt. 38] under seal.

Dated:  June 11, 2025

Prepared By:

THE HODA LAW FIRM, PLLC

_/s/ M. Hoda_____
Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
Alexander Crous, Esq.
Tx. Bar No. 24136488
3120 Southwest Fwy
Ste 101, PMB 51811
Houston, TX 77080
marshal@thehodalawfirm.com
alex@thehodalawfirm.com
(832) 848-0036

*Attorneys for Plaintiffs*