# FILED UNDER SEAL

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | |
|---|---|
| Peter Harris and Loni Harris, | |
| *Plaintiffs*, | Case No. 1:24-cv-00313 |
| v. | |
| Upwintrade.com, *et al.*, | **Plaintiffs' Second Motion for Alternative Service** |
| *Defendants*. | |

Plaintiffs Peter Harris and Loni Harris (the "Harrises") hereby move for an order authorizing alternative service under Federal Rule of Civil Procedure 4(f). In support, they respectfully show the Court as follows.

## I.   Factual Allegations

The defendants are foreign cybercriminals who stole from the Harrises in a pig-butchering scam.[1] Pursuant to an earlier subpoena to Binance Holdings, Ltd. ("Binance"), the Harrises received customer information associated with five Binance accountholders who received portions of their stolen assets: ██████████████████████████████████████,

---

[1] First Amended Complaint, *passim*.

- 2 -

███████████████████████████████████████ (collectively, the "Defendants").[2]

This information included the email addresses each of these customers used to create and access their Binance accounts.[3] The Harrises now request the Court's authorization to serve the Defendants by transmitting the complaint and summonses to their respective email addresses.

## II.    Legal Standard

The Hague Convention on Service Abroad, to which the United States is a signatory, applies for purposes of serving a foreign defendant in another country that has also ratified the convention.[4]  In addition, Federal Rule of Civil Procedure 4(f)(3) allows a district court to order that a foreign defendant be served by any method reasonably calculated to give notice of the proceedings, provided that the method is not prohibited by the Hague Convention or other international agreement.[5]

---

[2] Declaration of Evan Cole ("Cole Declaration"), ¶¶ 3 – 4.

[3] *Id*.

[4] *Densys Ltd. v. 3Shape Trios A/S*, 336 F.R.D. 126, 129 (W.D. Tex. 2020).

[5] FED. R. CIV. P. 4(f)(3) (providing that a party "may be served at a place not within an judicial district of the United States … by other means not prohibited by international agreement, as the court orders"); *Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (citing Rule 4(f)(3) and noting that "[s]ervice on a foreign defendant is [] proper when it is a court ordered method that is not prohibited by international agreement and is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections").

Service by alternative means under Rule 4(f)(3) is "neither a last resort nor extraordinary relief."[6] Instead, "the rule serves as a safety valve for unanticipated situations and is not an unusual procedural technique."[7] Rule 4 does not require a party to attempt service by the methods enumerated in subsections (f)(1) and (f)(2), such as by diplomatic channels and letters rogatory, before petitioning the court for alternative service under subsection 4(f)(3).[8] Nor does it "require exhaustion of all possible methods of service before a court may authorize service by 'other means'[.]"[9]

Courts have repeatedly authorized service by alternative means in crypto-related fraud cases under this rule. The methods courts have approved include email,[10] instant message via applications like WhatsApp and

---

[6] *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("[E]xamining the language and structure of Rule 4(f) and the accompanying advisory committee notes, we are left with the inevitable conclusion that service of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief.' It is merely one means among several which enables service of process on an international defendant.").

[7] *Hazim v. Schiel & Denver Book Grp.*, No. 12-CV-1286, 2012 WL 12894747, at *1 (S.D. Tex. July 18, 2012) (quoting Wright & Miller, FEDERAL PRACTICE & PROCEDURE, § 1134 (3d ed. 2002)).

[8] *Viahart*, 2022 WL 445161, at *3 ("Service pursuant to the Hague Convention listed in subsection (f)(1), does not displace subsection (f)(3), which permits service by other means." (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018)).

[9] *Broan-Nutone LLC v. Conglom Hong Kong Ltd.*, No. 23-CV-393-JPS-JPS, 2023 WL 8784668, at *2 (E.D. Wis. Dec. 19, 2023) (quoting *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015)).

[10] *Harris v. Upwintrade.com*, No. 1:24-CV-00313, 2025 WL 1485335, at *2 (E.D. Tex. Jan. 14, 2025) (authorizing service by email).

Telegram,[11] transfer of Non-Fungible Tokens to cryptocurrency addresses controlled by defendants,[12] and publishing case documents online.[13]

### III.   Argument

The above-cited authorities show that a plaintiffs' request for alternate service should be granted where three elements are met. The plaintiff must show that (1) the defendants are located abroad, (2) the proposed service methods are not prohibited by international agreement, and (3) the proposed service methods are reasonably calculated to give the defendants actual notice of the proceedings. Each of these elements is met here.

*Element 1: Location Abroad*. The Harrises have shown that the Defendants are located abroad as required for authorization of alternative means of service under Rule 4(f). The Cole Declaration attests that the five Defendants reside in ███████████.[14]

---

[11] *Fitzgerald v. Defendant 1*, No. 1:24-CV-21925, 2024 WL 3538245, at *3 (S.D. Fla. June 28, 2024) (authorizing service via Telegram message in pig-butchering case); *Licht v. Ling*, No. 3:23-CV-1018, Dkt. 19 (N.D. Tex. June 8, 2023) (authorizing service via WhatsApp in pig-butchering case).

[12] *Yogaratnam v. Doe*, No. 2:24-cv-00393 Dkt. 9 (E.D. La. Feb. 23, 2024) (authorizing service by transfer of Non-Fungible Token and website posting in pig-butchering case); *Sun v. Defendant 1*, No. 23-CV-21855-RAR, 2023 WL 4532417, at *2 (S.D. Fla. July 13, 2023) (authorizing service NFT transfer and website posting in pig-butchering case); *Bowen v. Li*, No. 23-CV-20399, 2023 WL 2346292, at *3 (S.D. Fla. Mar. 3, 2023) (same); *Bandyopadhyay v. Defendant 1*, No. 22-CV-22907, 2022 WL 17176849, at *3 (S.D. Fla. Nov. 23, 2022) (same).

[13] *Id.*

[14] Cole Declaration, ¶¶ 3 – 4.

*Element 2: Not Prohibited by International Agreement.* ▓▓▓▓ is not a party to the Hague Convention, and no other international agreement applies to service of U.S. court documents in ▓▓▓▓.[15] ▓▓▓▓ is a party to the Hague Service Convention.[16] But the Hague Convention does not specifically prohibit service of process by email,[17] and courts have authorized service by email in ▓▓▓▓.[18] Email service is therefore not prohibited by international agreement as to either the ▓▓▓▓ or ▓▓▓▓ Defendants.

*Element 3: Reasonably Calculated to Give Actual Notice.* The Harrises propose to serve the Defendants by sending copies of the Complaint and Summonses to the email addresses associated with their Binance accounts. Courts routinely find that plaintiffs' proposed service methods are reasonably calculated to give actual notice where (i) the defendant does business online and (ii) the plaintiff has shown that the defendant uses the proposed service

---

[15] U.S. STATE DEPARTMENT, Judicial Assistance Country Information, *Nigeria* (available at: https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Nigeria.html).

[16] U.S. STATE DEPARTMENT, Judicial Assistance Country Information, *Vietnam* (available at: https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Vietnam.html).

[17] *Viahart*, 2022 WL 445161, at *3 (authorizing email service on defendants in Hague Convention signatory state); *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494 (5th Cir. 2018) (same).

[18] *Chen v. Individuals, Partnerships & Unincorporated Associations Identified on Schedule A*, No. 23-61597-CIV, 2024 WL 5433914, at *1 (S.D. Fla. Oct. 2, 2024) (holding that "Vietnam … ha[s] not objected to service by e-mail, electronic messaging, or Internet publication" and collecting cases).

channels to conduct business relevant to the suit.[19] Just so here.[20] The Harrises' proposed service methods are therefore reasonably calculated to give the Defendants actual notice of these proceedings.

## IV. Conclusion

Alternative service methods are a practical necessity in pig-butchering cases. Without the "safety valve" that Rule 4(f) provides, pig-butchering victims would be unable to serve the defendants who scammed them and move their cases toward judgment.[21] Recognizing this reality, courts have repeatedly authorized alternative methods of service in pig-butchering cases like this one. The Harrises request that the Court do the same here.

---

[19] *See, e.g.*, *Sinox Co. Ltd. v. YiFeng Mfg. Co.*, No. 6:21-CV-01022-ADA, 2022 WL 1017916, at *4 (W.D. Tex. Apr. 5, 2022) (noting that "courts have found due process satisfied where the defendant does business online and the plaintiff has shown that the foreign defendant uses the particular email address to conduct business relevant to the matters at issue in suit" and collecting cases in accord); *Licht*, No. 3:23-CV-1018, Dkt. 19, at p.2 (N.D. Tex. June 8, 2023) (authorizing service via WhatsApp in pig-butchering case where defendants used WhatsApp to communicate with plaintiff); *Fitzgerald*, No. 24-CV-21925, 2024 WL 3538245, at *3 (S.D. Fla. June 28, 2024) (authorizing service via Telegram message in pig-butchering case where defendants used Telegram to communicate with plaintiff).

[20] Cole Declaration, ¶ 4 (noting that the proposed service email addresses are the email addresses the Defendants used to create and operate their Binance accounts).

[21] *Hazim*, 2012 WL 12894747, at *1 (S.D. Tex. July 18, 2012).

## CERTIFICATION FOR FILING UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), counsel for Plaintiffs certifies that a motion to seal this document and its attachments was filed on June 11, 2025.

Dated: June 11, 2025

Respectfully submitted,

THE HODA LAW FIRM, PLLC

Marshal J. Hoda, Esq.
Tx. Bar No. 2411009
Alexander Crous, Esq.
Tx. Bar No. 24136488
3120 Southwest Fwy
Ste 101, PMB 51811
Houston, TX 77080
marshal@thehodalawfirm.com
alex@thehodalawfirm.com
 o. (832) 848-0036

*Attorneys for Plaintiffs*