**FILED UNDER SEAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| PETER HARRIS and LONI HARRIS, § <br> § <br> *Plaintiffs*, § <br> § <br> VS. § <br> § <br> UPWINTRADE.COM, *et al.*, § <br> § <br> *Defendants*. § | CIVIL ACTION NO. 1:24-CV-00313 <br> JUDGE MICHAEL J. TRUNCALE |

**ORDER GRANTING PLAINTIFFS' SECOND
MOTION FOR ALTERNATE SERVICE**

Before the Court is Plaintiffs' Sealed Second Motion for Alternate Service [Dkt. 38] and Plaintiffs' *Redacted* Second Motion for Alternate Service [Dkt. 41]. The Court has reviewed Plaintiffs' Motion and for the reasons that follow finds that it should be **GRANTED**.

## I. BACKGROUND

Pursuant to an earlier subpoena to Binance Holdings, Ltd. ("Binance"), Plaintiffs received information concerning five Binance accountholders who they allege received portions of their stolen assets. This information included the email addresses that each of these customers used to create and access their Binance accounts. Plaintiffs have amended their complaint to add these five persons as defendants. They now request to serve them by sending the summons and complaint to each at the email address associated with their Binance account.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) provides that service on a foreign individual may be effectuated by "means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). "Service on a foreign defendant [under Rule 4(f)(3)] is therefore proper when it is a court ordered method that is not prohibited by international agreement and is reasonably calculated, under the circumstances, to notify the defendant of the case and afford them an opportunity to present objections."

*Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (first citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018); and then citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)) (affirming email service to foreign defendants). Trial courts "have authorized a wide variety of alternative methods of service including . . . email," and it is in the court's "discretion . . . to balance the limitations of email service against its benefits in any particular case." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016, 1018 (9th Cir. 2002).

## III.  ANALYSIS

Plaintiffs move to serve the complaint and summons on the following defendants by email: Phan Phung Tu Tai, Quoc Dung Tran, The Chien Nguyen, Esther Adegbaju, and Ogheneruemu Okotie (the "Defendants"). Having reviewed Plaintiffs' papers, the Court finds that this method of service is proper and reasonably calculated to provide notice to each defendant, thereby satisfying the requirements of Rule 4(f)(3).

Plaintiffs' proposed service method does not violate any international agreement. Plaintiffs aver that defendants Tai, Tran, and Nguyen reside in Vietnam, while defendants Adegbaju and Okotie reside in Nigeria. Vietnam is a party to the Hague Service Convention. *See Status Table: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters*, HCCH (March 21, 2024), https://www.hcch.net/en/instruments/conventions/status-table/?cid=17. But the Hague Convention does not specifically prohibit service of process by email, *Viahart*, 2022 WL 445161, *3, and courts have authorized service by email in Vietnam, *Cooper v. Longwood Forest Prods., Inc*., No. 2:20-CV-3332, 2022 WL 22872795, *3–4 (S.D. Ohio Apr. 13, 2022) (authorizing email service in Vietnam and citing cases in accord). Nigeria is not a party to the Hague Convention, and courts have likewise authorized email service there. *Meta Platforms, Inc. v. Arowokoko*, No. 22-CV-00803-DMR, 2022 WL 4099215, at *2 (N.D. Cal. Sept. 7, 2022) (authorizing service of

Nigerian individuals by email and collecting cases in accord). Email service is therefore not prohibited by international agreement as to either the Nigerian or Vietnamese defendants here.

Email service comports with due process here. Plaintiffs seek to serve the Defendants through the same email addresses used to create and login to their accounts at the Binance cryptocurrency exchange. Plaintiffs have provided a sworn statement from their investigator explaining that the Defendants would have needed to provide an email address that they routinely monitor for this purpose. *See* [Dkt. 38-1 at ¶ 4]. Accordingly, serving the defendants by directing messages to these email addresses is reasonably calculated to give them actual notice of this suit and opportunity to appear and be heard.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to serve the complaint and summons by email is **GRANTED**. Plaintiffs shall immediately serve a copy of the complaint, summons, and this order on Phan Phung Tu Tai, Quoc Dung Tran, The Chien Nguyen, Esther Adegbaju, and Ogheneruemu Okotie at the email addresses associated with their Binance accounts with "read receipt requested," and file proofs of service.

**SIGNED this 23rd day of June, 2025.**

Michael J. Truncale
United States District Judge