**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| Peter Harris and Loni Harris, | |
| *Plaintiffs*, | Case No. 1:24-cv-00313-MJT |
| v. | |
| Upwintrade.com, *et al.*, | **Plaintiffs' Motion to Seal Specified Default-Judgment Materials** |
| *Defendants*. | |

Plaintiffs move under Local Rule CV-5(a)(7) for leave to file the identified unredacted default-judgment materials under seal and the corresponding public versions with limited redactions. They seek protection of specific information, not wholesale secrecy over the merits.

## I. Particularized grounds and scope

Dkt. 39 permitted protection of sensitive information in the SAC and service motion; Dkt. 56 did so for the proposed default entries. Those orders did not authorize this new package. Plaintiffs request a fresh document-specific determination under *Binh Hoa Le v. Exeter Finance Corp.*, 990 F.3d 410, 419–21 (5th Cir. 2021), and *June Medical Services, L.L.C. v. Phillips*, 22 F.4th 512, 519–21 (5th Cir. 2022). The discovery protective order is not the basis for automatic sealing.

The five accountholder names withheld from the public SAC connect identifiable persons to nonpublic financial-account records and allegations of cryptocurrency fraud. Plaintiffs request consistent protection of those same identity-to-financial-record associations in the present submissions. The Court can evaluate each person's liability using the unredacted versions; public versions retain stable labels, alleged roles, legal arguments, amounts, and conclusions. Names already disclosed in the public SAC—including Chukwuemeka, Dubem, and Gaggaz—are not redacted merely because Plaintiffs now seek sealing.

The report and provider correspondence also contain nonpublic personal contact and user data, customer-account identifiers, and recovered credentials. Disclosure would permit unnecessary identification, unwanted contact, or attempted account access without materially assisting evaluation of the technical comparison. Cole Decl. ¶ 17. Plaintiffs seek redaction of those data, leaving server IP addresses, platform domains, source paths, software comparisons, record counts, qualifications, and investigative conclusions public.

## II. Document-specific redaction schedule

Motion for Default Judgment; Cole Declaration; proposed Final Default Judgment: redact the five previously protected accountholder names wherever used. The consistent public labels are Defendant C (SAC ¶ 16), Defendant D (SAC ¶ 17), Defendant E (SAC ¶ 13), Defendant F (SAC ¶ 14), and Defendant G (SAC ¶ 15). Shortened versions of those names receive the

same labels. No other merits prose is withheld. The sealed and public judgment versions concern the same single adjudication.

Hoda Declaration: apply the same five-name substitutions in the individualized military-status statement. The contingent percentage, requested attorney's fee, and combined judgment amount remain public. Public Exhibit Index: apply the same substitutions if a protected name appears. The Peter Harris supplemental declaration, original PH-1 declaration, and related-proceedings notice need no additional sealing based on the text submitted.

Exhibit EC-2, provider correspondence: redact nonpublic personal email addresses, telephone numbers, customer-account identifiers, and personal contact/address details; retain sender roles, dates, domains, server IP, and provider statements about hosting and abuse. Exhibit EC-3, Cole report: redact recovered credential values and nonpublic personal email, telephone, address, and user-account identifiers; retain technical descriptions, cross-platform relationships, and conclusions. Public copies show the locations of the redactions. No exhibit is requested to remain entirely unavailable to the public.

**III. Filing and service procedure**

This separate motion is filed immediately before the protected submissions. Each unredacted submission bears the sealed legend and certification required by CV-5(a)(7). Plaintiffs submit the matching public counterparts with this package. The requested relief does not excuse

applicable service; Plaintiffs rely on Rule 5(a)(2) for nonappearing defendants as stated in the certificate below.

Plaintiffs request approval of this limited redaction schedule and excusal of an impracticable conference for the reasons certified below.

Dated: 15 September 2026

Respectfully submitted,
THE HODA LAW FIRM, PLLC

/s/ M Hoda

Marshal J. Hoda, Esq.
Texas Bar No. 24110009
3120 Southwest Fwy, Suite 101
PMB 51811
Houston, TX 77098
marshal@thehodalawfirm.com
Telephone: (832) 848-0036
*Attorney for Plaintiffs*

## CERTIFICATE REGARDING SERVICE

No copy has been served on Defendants. Plaintiffs rely on Rule 5(a)(2) because Defendants have failed to appear and this submission asserts no new claim for relief.

## CERTIFICATE OF CONFERENCE AND REQUEST FOR EXCUSAL

No conference has occurred. Defendants have not appeared or communicated with the firm, no defense counsel has appeared, and counsel cannot confer with them. Their position is unknown. Plaintiffs request excusal of the conference requirement under Local Rule CV-7(h)–(i).



Marshal J. Hoda, Counsel for Plaintiffs