# PUBLIC REDACTED VERSION

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| Peter Harris and Loni Harris, *Plaintiffs*, v. Upwintrade.com, *et al.*, *Defendants*. | Case No. 1:24-cv-00313-MJT **Declaration of Marshal J. Hoda Supporting Plaintiffs' Motion for Default Judgment** |

I, Marshal J. Hoda, declare as follows:

1. I am counsel for Peter Harris and Loni Harris. I make this declaration concerning the litigation record, communications with the firm, recovery proceedings, and the attorney's fee requested below.

2. The operative Second Amended Complaint was filed under seal at Dkt. 37, with a public redacted counterpart at Dkt. 40. This motion seeks relief against seven individuals named in that pleading; it does not seek a default award against the other captioned defendants.

3. Dkt. 19, the first alternative-service order, was signed January 14, 2025. Dkt. 43 was signed June 23, 2025, with a public redacted counterpart at Dkt. 44. Dkts. 46–50 record June 26, 2025 service on the five added individuals, and Dkt. 55 records the Clerk's August 4, 2025 entry of default against them.

4. The saved June 26 service emails identify the attachment sent to each recipient. The matching saved attachments each contain the summons, SAC, and the Court's service order. Read receipts were requested. Evan Cole's accompanying declaration supplements the service proofs concerning these details.

5. The Clerk's March 18, 2025 defaults against Chukwuemeka and Dubem are at Dkt. 29. Their September 16, 2025 SAC service proofs are at Dkts. 57–58.

6. No Defendant has answered, appeared, sought an extension, or communicated with the firm in response to the lawsuit or with an intention to defend. No defense counsel has appeared. The firm has not served or conferred concerning this new motion. Defendants' position on it is unknown.

7. I am unable to determine whether Onwunali Chukwuemeka, Kelvin Dubem, Defendant C, Defendant D, Defendant E, Defendant F, or Defendant G is in military service. I

make this statement under 50 U.S.C. § 3931(b)(1)(B), not as an assertion that any individual is or is not a servicemember.

8. During the delay, the firm pursued server-provider discovery and the investigation described in Evan Cole's report. Exhibit EC-2 is a true copy of the provider correspondence maintained by the firm. The firm submitted a remission petition concerning asset 25-USS-000030 in connection with District of Massachusetts No. 1:25-cv-10413-IT.

9. On March 19, 2026, I transmitted supplemental materials, including Cole's March 6 report, to the U.S. Attorney's Office for the District of Massachusetts. The office acknowledged receipt that day. Receipt did not constitute approval of the petition or adoption of our investigative conclusions.

10. The remission petition remains pending. The Harrises have confirmed that they have received no recovery through it or from any other source. Their supplemental declaration addresses that fact directly.

11. Dkt. 39 authorized sealing the SAC and second alternative-service motion; Dkt. 56 addressed the proposed clerk-default entries. The present sealing motion seeks a new determination for the default-judgment materials and narrowly

identified report information. It does not treat either prior order as blanket permission to seal the entire package.

12. The firm's written engagement agreement with the Harrises includes a thirty percent (30%) contingent fee. In my professional judgment, a 30% contingent fee is standard and reasonable for recovery litigation of this kind. This representation has involved investigation, third-party discovery, asset tracing, service on foreign defendants, and preparation of the default-judgment submissions, as described in the litigation record and supporting declarations.

13. For this application, Plaintiffs request an attorney's fee limited to 30% of the requested $2,405,696.55 RICO damages. That calculation yields $721,708.97, rounded to cents, and a combined damages-and-fee request of $3,127,405.52. Plaintiffs seek no separate hourly fee and do not calculate an additional fee on the fee award itself.

14. Plaintiffs request determination of the attorney's fee with this motion. They seek no separately taxed costs and reserve no later application for additional fees or costs in this action.

**VERIFICATION**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 15 September 2026 at New Orleans, Louisiana.

Marshal J. Hoda

## CERTIFICATE REGARDING SERVICE

No copy has been served on Defendants. Plaintiffs rely on Rule 5(a)(2) because Defendants have failed to appear and this submission asserts no new claim for relief.

MHoda

Marshal J. Hoda, Counsel for Plaintiffs